No. 39,660

JESSE W. ACKERMAN and W. D. SWINNEY, doing business as ACKERMAN-SWINNEY HEATING COMPANY, *Plaintiffs*, v. THOMAS C. TUDOR, JR., et al., THE ANCHOR SAVINGS AND LOAN ASSOCIATION, a Corporation, *Appellee*, and C. F. VAN PATTEN and D. F. VAN PATTEN, *Appellants*, *Defendants*.

(286 P. 2d 178)

Opinion filed July 6, 1955.

*Albert O. Kiesow*, and *Clyde E. Milligan*, both of Kansas City, argued the cause, 'and were on the brief for the appellants.

*James W. Hodam*, and *D. William Overton*, both of Kansas City, argued the cause, and were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This action, as originally commenced, was for the foreclosure of a mechanic's lien. The present appeal involves only liabilities as between the defendants Van Patten and The Anchor Savings and Loan Association, as later set forth.

In a preliminary way it may be stated that the defendant Thomas C. Tudor, Jr., owner of certain real estate in Kansas City, Kansas, was engaged in the construction of a residence and he and his wife had mortgaged the real estate to the Association to secure their note for $11,500. Although the contract therefor is not included in the abstract it is undisputed that on December 17, 1947, C. F. Van Patten and D. F. Van Patten, his wife, entered into a contract with the Tudors for the purchase of the real estate for a total consideration of $15,000 made up of a down payment of $1,000, the assumption of the mortgage of $11,500, and a final payment to be later made of $2,500. On March 15, 1948, the Van Pattens paid the balance to the Association for distribution to the parties entitled and went into possession. Various mechanic's lien statements were later filed, and we are told that the amounts thereof were compromised and the claims paid. Ackerman-Swinney who had filed a mechanic's lien statement refused to compromise their claim and commenced the instant action against the Tudors and the Association. Other lien claimants and the Van Pattens were made parties defendant. As the result of a trial, the trial court on March 27, 1950, rendered a judgment that the Association held a first lien on the real estate; that Ackerman-Swinney have judgment against the Tudors for $850 and interest and a lien on the real estate and that the lien be foreclosed and the proceeds applied to: 1. The costs; 2. The judgment of the Association; 3. The judgment of Ackerman-Swinney; and 4. Any balance to be paid into court to await its further order. No party in interest appealed from the above judgment.

On March 29, 1950, the Van Pattens filed a cross petition against the Association, and later filed an amended cross petition, in which they alleged, in substance, that on December 27, 1947, they entered into a contract of purchase through their agent and paid $1,000 on the contract; that the building was being constructed, and that the seller was to complete construction, convey the property and give possession not later than February 10, 1948; that they were informed

by their agents that all further negotiations and the closing of the contract with them would be carried on with the Association and thereafter they had no further negotiations with their agents but negotiated with the Association; that about March 14, 1948, they were informed by the Association the building was ready for occupancy, the sale ready to be closed and the balance of $2,500 should be paid to the Association; that they had and again requested the abstract of title and were informed the abstract and title were all right and that outstanding bills against the real estate had been paid and if any were unpaid the creditors could have their money from the Association, and it was unnecessary for the Van Pattens to have the title examined, and on the same date they paid the Association $2,500 and went into possession of the real estate. Many allegations as to their not being furnished an abstract of title need not be reviewed for, as is later stated, the court ordered the Association to furnish one to them and it has not appealed. The Van Pattens further alleged that they have since learned (after some undisclosed date) that numerous mechanics' liens had been filed; that some of them had been satisfied but that Ackerman-Swinney's lien was unreleased and constituted a cloud on their title; that they did not know whether the moneys they had paid to the Association had been applied to the purchase of the property and upon the claims against it, but that the Association should account to them for the application of the moneys paid by them. They prayed that validity of the liens be determined; that they have judgment against the Association, and that the title be cleared of all mechanics' liens. The Association filed its second amended answer and cross petition to the Van Pattens' cross petition, denying generally, admitting the purchase agreement of December 17, 1947, and that Van Pattens went into possession; that Ackerman-Swinney filed a mechanic's lien; that other named parties filed liens and at the request of Van Pattens, the Association paid the latter claims in the total amount of $3,743.81 and should have judgment therefor and it prayed accordingly.

As the result of a trial of the issues between the Van Pattens and the Association the court found the Association should furnish the Van Pattens with an abstract of title; that the Van Pattens should be denied judgment against the Association for $984 (amount they paid Ackerman-Swinney); that the Association should be denied judgment against the Van Pattens for $3,743.81 (amount it paid

lien claimants); and that the costs be taxed against the Association. Van Pattens' motion for a new trial was denied and they appeal.

The errors specified in appellants' abstract were that the trial court judgment the Association was entitled to any relief was not supported by any substantial competent evidence; that the judgments rendered were contrary to the evidence, and that the evidence presented revealed there was no meeting of the minds of the appellants and appellee, which resulted in damage to the appellants. The appellants' belated motion to amend the specification of errors to include the ruling on their motion for a new trial was allowed.

In their brief appellants do not include any statement of the questions involved as required by Rule 6 (3) (b) of this court. Their argument covers the following. They first state the evidence shows no substantial evidence to support the trial court's findings and judgment, and therefore the judgment was erroneous, but they do not point out any failure of proof necessary to sustain the judgment.

Appellants next contend that the evidence discloses the Association was the agent of both appellants and the seller of the property, point out evidence which they say is undisputed and argue that as an agent for both parties the appellee owed a high degree of fidelity, care and diligence to both parties, and that as an agent it was its duty to act in utmost good faith, and not to act for its own benefit. They further contend the evidence shows the appellee made misrepresentations to the appellants while acting as their agent or failed as such agent to disclose to appellants all of the facts. We here note that appellee questions the right of appellants to raise the question of agency here, for the reason such a contention was not raised in the trial court. We shall not resolve that dispute as we cannot discern from the record whether the objection is good or not.

We find it unnecessary to take up and discuss the rules of law relied on by the appellants, for assuming the validity of the legal principles contended for, the premise for their application is lacking. Without attempting a comprehensive review of the evidence it may be said that appellants had agents of their own choosing prior to the time they were advised to pay the remainder of the purchase price to the appellee for distribution; that thereafter they were represented by three attorneys, one succeeding the other, although there may have been some intervening times when they had

no attorney; that they purchased a building in the process of construction and knew that if bills for labor and material were not paid that mechanic's liens would follow; that they were fully advised that they had paid to the appellee a sum sufficient only to discharge the claims of laborers and material men other than the Ackerman-Swinney claim; that they agreed to the payment of those claims, and that they had furnished no money to the appellee with which to pay the Ackerman-Swinney claim. There is no showing that appellee concealed any of the transaction from or misrepresented any part of it to the appellants. While appellants did testify that an employee of appellee said the appellee would pay the Ackerman-Swinney claim, such testimony was disputed by a positive denial and, in view of all of the facts, it is not surprising the trial court did not give credit to their testimony.

. The specification that the minds of the parties did not meet is not referred to in appellants' brief and needs no comment.

Appellants' motion for a new trial included as grounds therefor abuse of discretion by the trial court, erroneous rulings, and that the judgment was in whole or in part contrary to the evidence. They present no separate argument concerning the trial court's denial of the motion, and the claimed error might well be considered as abandoned. We feel impelled to say, however, that the record as abstracted utterly fails to disclose any abuse of discretion by the trial court or any erroneous rulings. While there was some dispute in the evidence, an examination of the record as abstracted discloses substantial evidence to support the judgment.

The judgment of the trial court is affirmed.